UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23339-CIV-LENARD/TURNOFF

**GERMAN CARRASCO**,

    Plaintiff,

v.

**GA TELESIS COMPONENT
REPAIR GROUP SOUTHEAST,
L.L.C.**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## (D.E. 22)

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment ("Motion," D.E. 22), filed on September 13, 2010. On October 4, 2010, Plaintiff filed his response in opposition ("Response," D.E. 26), to which Defendant filed its reply ("Reply," D.E. 32) on October 18, 2010. Having considered the Motion, related pleadings, and the record, the Court finds as follows.

**I.    Background**[1]

On February 23, 1984, Plaintiff began working for Defendant's predecessor company as an airplane mechanic. Plaintiff held various positions before being promoted to "Master

---

[1] The following facts are undisputed unless otherwise noted. (See Defendant's Statement of Undisputed Facts ("Def. SOF") D.E. 23; Plaintiff's Statement of Material Facts ("Pl. SOF") D.E. 27.)

Mechanic." On March 4, 2001, Plaintiff received a performance evaluation wherein he received a "below expectations" rating for attendance. Plaintiff was cited for taking excessive lunch breaks. On September 21, 2001, Plaintiff received an "Employee Disciplinary Report" for failing to comply with the company's attendance policy and for showing up late to work. On April 16, 2002, Plaintiff again received a "below expectations" evaluation of his attendance. Years later, on April 3, 2008, Plaintiff received another "below expectations" evaluation with regard to his attendance. As part of these final two evaluations, Plaintiff was informed of his unsatisfactory daily attendance and warned of his lack of effort to improve it.

In September 2006, Plaintiff applied for FMLA leave in order to take care of his wife. On September 14, 2006, Plaintiff submitted an unsigned Certification of Health Care Provider Form. Plaintiff also submitted another unsigned Certification of Health Care Provider Form on October 11, 2006. Defendant granted Plaintiff his requested leave and provided him with notice of his FMLA rights upon a request for re-certification. On February 26, 2007, Plaintiff submitted his re-certification form.

On July 13, 2007, Plaintiff sought FMLA leave to care for his father's wife (not Plaintiff's mother) after his father's passing. Defendant denied Plaintiff's leave request.

In August 2008, Plaintiff sought FMLA leave due to an upcoming surgery for a hernia. Plaintiff was scheduled for surgery on August 8, 2008, and spoke to Defendant's human resources director Ana Bar-Chen ("Bar-Chen") a few days prior to the surgery.

2

Defendant claims Bar-Chen provided Plaintiff with all the necessary FMLA paperwork. Defendant further claims that despite the late timing of the request and Plaintiff's failure to provide the certification of his health care provider, Bar-Chen granted the leave request. On the other hand, Plaintiff claims he was never provided with the FMLA paperwork and he was never actually told that he was approved for FMLA leave. According to Plaintiff, approximately ten days after the surgery, his supervisor Jorge Miranda ("Miranda") contacted him and requested that he return to work as soon as possible. Although still in a lot of pain, Plaintiff contends he entered into an agreement with his supervisor and the company whereby he would work whatever hours he could. Thus, Plaintiff returned to work around August 18, 2008, and completed the FMLA paperwork on August 25, 2008.

On September 9, 2008, Plaintiff was terminated. Defendant claims that Plaintiff was terminated due to his overall poor attendance. Between August 18, 2008, and September 8, 2008, Defendant alleges that Plaintiff was late to work at least eleven times. Defendant states that Plaintiff was terminated as part of an overall company review. Plaintiff contends Defendant interfered with his rights under the FMLA by failing to provide him with the required forms and terminating him. In essence, Plaintiff contends he had an agreement to work a flexible and limited schedule after his return from surgery and that this agreement was approved by his supervisor and submitted in writing. This agreement permitted him to work "intermittently" or "less than a full schedule" for one month.

In February 2009, Defendant offered Plaintiff his former position back with the same

rate of pay that he was making as of the date of his termination. Pursuant to the offer, Plaintiff would have been a probationary employee ineligible for benefits until the expiration of a ninety-day period. Plaintiff rejected the offer, claiming his wife desperately needed health insurance.

In October 2009, Plaintiff filed a one-count complaint in state court alleging Defendant unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*[2] (See "Complaint," D.E. 1.) The Complaint alleges Defendant "unlawfully interfered with the Plaintiff's exercise of his FMLA rights by both refusing to provide FMLA paperwork, and failing to reinstate his position, or equivalent thereto, upon his return from FMLA leave." (Id. at ¶ 17.)

## II.    Motion for Summary Judgment

Defendant's Motion seeks summary judgment on the basis that no genuine issues of material fact exist as to whether Defendant provided Plaintiff with the necessary FMLA paperwork or otherwise interfered with his rights. First, Defendant claims the evidence demonstrates Bar-Chen provided Plaintiff with the necessary paperwork after he returned from his leave in August 2008. Defendant also claims that the fact that Plaintiff's leave was approved means he cannot establish an interference claim. Second, Defendant argues Plaintiff cannot claim interference based upon a failure to reinstate him to his old position. Defendant relies on the undisputed fact that Plaintiff returned from his leave at the same rate

---

[2]    Defendant removed the case to federal court on November 2, 2009.

of pay and at the same position as when he left. Finally, Defendant argues there are no facts showing Defendant interfered with Plaintiff's FMLA rights by terminating him. Defendant states, "[t]here is no question that the proximate cause of Plaintiff's termination was his attendance, not his FMLA leave." (Motion at 8.) Defendant claims there is no record evidence that Plaintiff was terminated for any reason other than his poor attendance. Additionally, Defendant seeks summary judgment as to Defendant's claims for liquidated damages and back-pay based upon its good faith actions and February 2009 offer to reinstate Plaintiff.

In response, Plaintiff contends that while Defendant concedes he was entitled to FMLA leave there exist genuine issues of material fact as to whether Defendant interfered with his rights. Plaintiff contends evidence of Defendant's interference is found in its failure to provide Plaintiff with the necessary paperwork. Plaintiff contends that he provided notice of his FMLA leave request several days prior to his hernia surgery on August 8, 2008. Despite providing Defendant with this notice, Plaintiff was never provided with the necessary paperwork or informed whether his request was approved prior to the surgery. Moreover, Plaintiff claims that the delay in providing him with paperwork and approving his leave resulted in him being counted as absent for seven days which then resulted in his termination. Plaintiff also argues that the Defendant's timely provision of FMLA forms on prior occasions is evidence of Defendant's interference with regard to this latest request. Plaintiff further contends that factual issues exist where some of the attendance problems that

5

allegedly resulted in his termination occurred during his twelve-week FMLA leave. Therefore, Plaintiff argues issues of fact exist as to whether Defendant interfered with Plaintiff's FMLA rights. Alternatively, Plaintiff contends that Defendant retaliated against him by refusing to reinstate him to his prior position following his FMLA leave and Plaintiff retaliated by terminating him as a result of his FMLA leave. Finally, Plaintiff contends he is entitled to liquidated damages and back pay.

In reply, Defendant asserts that Plaintiff only now raises a claim for retaliation and the Complaint only pleads an interference claim. Defendant further asserts that no issues of fact exist regardless because Plaintiff was returned to his former position and there is no evidence his termination was pretextual. Defendant asserts there is no causal connection between Plaintiff's termination and his return from FMLA leave. Rather, Defendant states that "[t]he only evidence of pretext Plaintiff raises is a failure to follow an attendance policy, and a phantom agreement to allow Plaintiff to work outside a set schedule." (Reply at 4.) Defendant also asserts that summary judgment is appropriate where the only evidence of Plaintiff's agreement to work a flexible schedule is his own "self-serving" affidavit. Accordingly, Defendant argues summary judgment is appropriate whether Plaintiff raises an interference or a retaliation claim.

### III.   Legal Standard

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. Adickes v.

S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson, 477 U.S. at 248; see also Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party.  The nonmoving

party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324; see also FED. R. CIV. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Id. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id.

**IV.    Discussion**

"The FMLA provides that an 'eligible employee' is entitled to a maximum of twelve weeks of leave during which her employment status is protected." O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1352 (11th Cir. 2000); 29 U.S.C. § 2612. "The FMLA recognizes two types of claims for alleged violations of these provisions: interference claims, in which employers burden or outright deny substantive statutory rights to which their employees are entitled, see 29 U.S.C. § 2615(a)(1) (1999), and retaliation claims, in which employers discharge employees for exercising their FMLA right to leave, see id. § 2615(a)(2)." Id.; see also Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001). Where a plaintiff states only a non-specific violation of the FMLA or alleges facts that support both an interference and a retaliation claim, the district court should consider whether both types of claims are supported. O'Connor, 200

F.3d at 1353 ("We therefore conclude the district court erred in not considering both types of FMLA claims in deciding whether [the defendant] violated the statute."). Additionally, "termination while on FMLA leave can create both a cognizable 'interference' claim and a cognizable 'retaliation' claim." Smith v. Boyd Bros. Transp., 2006 U.S. Dist. LEXIS 5309 at *5 (S.D. Ala. 2006) (citing Strickland, 239 F.3d 1199; O'Connor, 200 F.3d 1349).

In this case, Plaintiff appears to set forth allegations supporting both an interference and a retaliation claim under the FMLA. Although the Complaint is not a model of precision, it sets forth sufficient factual allegations to support either claim. The Complaint's single count is entitled "FMLA." Plaintiff further alleges "[t]his is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff" by the FMLA and cites the statute in its entirety. (Complaint at ¶ 1.) It further states, "Defendant unlawfully interfered with the Plaintiff's exercise of his FMLA rights by both refusing to provide FMLA paperwork, and failing to reinstate his position, or equivalent thereto, upon his return from FMLA leave." (Id. at ¶ 17.) Thus, Plaintiff clearly sets forth an interference claim based upon Defendant's alleged failure to timely provide FMLA paperwork. The Complaint additionally supports a retaliation claim and in many respects the facts seem to better support such a claim. Plaintiff alleges that he was terminated for seven absences he received while he was supposedly on FMLA leave. (See id. at ¶ 11.) More importantly, Plaintiff alleges "there was no reason" for his discharge, "other than the fact that the Plaintiff was on medical leave." (See id. at ¶ 14.) Accordingly, the Court must examine whether summary judgment is appropriate on

9

either claim.

### A.  Interference

In order to sustain an FMLA interference claim, the plaintiff "must demonstrate only that she was 'denied a benefit to which she was entitled under the FMLA.'" Schaaf v. SmithKline Beecham Corp., 602 F.3d 1236, 1241 (11th Cir. 2010) (quoting Martin v. Brevard County Pub. Sch., 543 F.3d 1261, 1266-67 (11th Cir. 2008)).  "In an FMLA interference case, courts examine not whether the FMLA leave was the but-for cause of an employee's discharge or demotion, but rather whether it was the proximate cause." Schaaf, 602 F.3d at 1242.

The Court finds genuine issues of material fact exist as to Plaintiff's interference claim.  Section § 2613 provides that, "[a]n employer may require that a request for leave under subparagraph (C) or (D) of paragraph (1) or paragraph (3) of section 102(a) [29 USCS § 2612(a)] be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, or of the next of kin of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer." 29 U.S.C. § 2613(a).  There is a disputed factual issue as to whether Defendant provided Plaintiff with the appropriate paperwork upon his request for FMLA leave due to his hernia surgery.  Evidence that Defendant failed to provide Plaintiff with the necessary paperwork or delayed approval of his leave may support a claim that Defendant interfered with or

attempted to restrain Plaintiff's FMLA rights. This claim may be bolstered by the fact that Bar-Chen had previously provided Plaintiff with the required certification forms in a timely manner.

Moreover, Section 2614 provides that, "[e]xcept as provided in subsection (b), any eligible employee who takes leave under section 102 [29 USCS § 2612] for the intended purpose of the leave shall be entitled, on return from such leave -- (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a). Plaintiff alleges Defendant interfered with his FMLA rights by terminating him based upon absences that occurred from August 7-18, 2008. Plaintiff asserts that Defendant counted these seven absences as violations of its attendance policy because Plaintiff had not yet been approved for leave. Plaintiff also asserts that he should have been restored to his original position at the end of his twelve-week leave regardless of whether he assumed a light-duty assignment. The Court finds genuine issues of material fact exist as to whether Defendant interfered with Plaintiff's FMLA rights by terminating him based upon absences allegedly incurred while on leave. While Defendant claims Plaintiff's attendance was the cause of his termination, issues of fact exist as to what was the proximate cause of his termination. Accordingly, summary judgment is inappropriate with regard to Plaintiff's FMLA interference claim.

      **B.**      **Retaliation**

When a plaintiff asserts a claim of retaliation under the FMLA, the Court applies the same burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), for evaluating Title VII discrimination claims. Strickland, 239 F.3d at 1207. "In order to state a claim of retaliation, an employee must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." Id. (citing Parris v. Miami Herald Publ'g Co., 216 F.3d 1298, 1301 (11th Cir. 2000)). Because Defendant concedes the existence of the first two prongs of this test, the Court proceeds to analyze this last prong or whether "the decision was causally related to the protected activity." Where a plaintiff presents a *prima facie* case and the defendant asserts a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff must then set forth evidence that the defendant's stated reason was pretextual. Martin, 543 F.3d at 1268. With regard to pretext, "[t]he employee may rely on evidence that he already produced to establish his prima facie case." Id.

The Court finds Plaintiff has offered sufficient evidence to create issues of fact as to whether Defendant retaliated against him for taking his FMLA leave by terminating him. First, Plaintiff has offered sufficient evidence to demonstrate issues of fact exist regarding whether a *prima facie* case of discrimination is present. The temporal proximity between Defendant's termination on September 9, 2008, and his request for leave and absences in early to mid-August 2008, supports Plaintiff's claim that his termination was causally

connected with his leave. See Schaaf, 602 F.3d at 1243 (citing Martin, 543 F.3d at 1268 ("[T]he close temporal proximity between [the plaintiff's leave and her termination] . . . is more than sufficient to create a genuine issue of material fact of causal connection.")). Such evidence also supports Plaintiff's argument that Defendant's stated reason is pretextual. Plaintiff also contends that he was entitled to a final written notice regarding his attendance pursuant to the company's policy but that he never received such a warning. Such evidence supports a finding of pretext. Furthermore, Plaintiff claims he arranged with his supervisors and the company to work a more flexible work schedule upon return from his surgery. Plaintiff provides evidence of this agreement through his own affidavit and the testimony of other employees that he worked something out with Defendant's predecessor. (See D.E. 23-3, Rene Segovia Dep. Tr. at 13-15.) The existence of such an agreement would support the conclusion that Defendant's stated reason was pretextual. To the extent Defendant relied upon attendance problems from 2001 and 2002, such evidence could also support a finding of pretext. Accordingly, summary judgment is inappropriate with regard to Plaintiff's FMLA retaliation claim.

   **C.  Liquidated Damages**

"Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." Cooper v. Fulton County, Ga., 458 F.3d 1282, 1287 (11th Cir. 2006). Defendant

contends there is no evidence that it did not act in good faith and thus Plaintiff should be precluded from seeking liquidated damages. As the presumption is in favor of an award of liquidated damages and the Court has not yet heard any evidence, the Court finds the issue premature and summary judgment inappropriate.

### D. Back Pay

"[A] plaintiff's unreasonable rejection of a defendant's unconditional offer of reinstatement tolls the accrual of a defendant's liability for back pay and prevents the plaintiff from receiving front pay." Knox v. Cessna Aircraft Co., 2007 U.S. Dist. LEXIS 71528 at *34-35 (M.D. Ga. 2007) (citing Ford Motor Co. v. E.E.O.C., 458 U.S. 219 (1982)). Moreover, "[w]hether a plaintiff acted reasonably in rejecting an unconditional offer of reinstatement is generally a question of fact to be decided by the jury." Knox, 2007 U.S. Dist. LEXIS 71528 at *35 (citing O'Donnell v. Georgia Osteopathic Hosp., Inc., 748 F.2d 1543, 1551 (11th Cir. 1984)).

The Court finds that Defendant's offer of reinstatement was not an unconditional offer of restatement as a matter of law and therefore Plaintiff's potential award of back pay is not limited to the period prior to February 2009. It is undisputed that Defendant's offer of reinstatement was conditioned upon Plaintiff undergoing a ninety-day probationary period during which he would not be eligible for any health insurance. Such an offer is not an unconditional offer of reinstatement. As such, Defendant's potential liability for back pay is not tolled by its offer of reinstatement in February 2009.

Accordingly it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (D.E. 22), filed on September 13, 2010, is **DENIED** in its entirety.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of December, 2010.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**